**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.:  9:20-cv-80851**

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff,

v.

LOGAN REALTY, INC. AND DIGITAL RESOURCE LLC,

        Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendants LOGAN REALTY, INC. AND DIGITAL RESOURCE LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.  Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship.

2.  Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who

charge thousands more.  AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3. Defendant LOGAN REALTY, INC. ("Logan") is a real estate broker in West Palm Beach, Florida.  At all times relevant herein, Logan owned and operated the website at the URL www.loganrealtyinc.com (the "Website").

4. Defendant DIGITAL RESOURCE LLC ("DRL") is a web design company.

5. Defendants Logan and DRL are collectively referred to herein as "Defendants."

6. AAP alleges that Defendants copied AAP's copyrighted Work from the internet in order to advertise, market and promote its business activities.  Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Florida.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11.     Logan Realty, Inc. is a Florida corporation, with its principal place of business at 333 Clematis Street, Suite 201, West Palm Beach, Florida, 33401, and can be served by serving its Registered Agent, Mr. Rhys Hollyman, at the same address.

12.     Digital Resource LLC is a Florida limited liability company with tis principal place of business at 218 Datura Street, Third Floor, West Palm Beach, Florida, 33401, and can be served by serving its Registered Agent, Mr. Shay A. Berman, 410 Evernia Street, Unit 303, West Palm Beach, Florida, 33401.

## THE COPYRIGHTED WORK AT ISSUE

13.     In 2015, AAP created a photograph entitled "Connemara AAP 2015 c, Sept. 25, 2015," which is shown below and referred to herein as the "Work".



14.     At the time AAP created the Work, AAP applied copyright management information to the Work consisting of the words "© AAP 2015 all rights reserved" to the lower left corner of the Work.

15.     AAP registered the Work with the Register of Copyrights on August 24, 2016 and was assigned the registration number VA 2-033-301.  The Certificate of Registration is attached hereto as Exhibit 1.

16.     At all relevant times AAP was the owner of the copyrighted Work at issue in this case.

### INFRINGEMENT BY DEFENDANTS

17.     Defendants have never been licensed to use the Work at issue in this action for any purpose.

18.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19.     Defendants copied AAP's copyrighted Work without AAP's permission.

20.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their web design company and real estate brokerage business.

21.     Defendants copied and distributed AAP's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

22.     AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

23. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

24. AAP never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

25. AAP notified Defendants of the allegations set forth herein on February 26, 2019 and March 27, 2019. To date, the parties have failed to resolve this matter.  Copies of the Notices to Defendants are attached hereto as Exhibit 3.

26. When Defendants copied and displayed the Work at issue in this case, Defendants removed AAP's copyright management information from the Work.

27. AAP never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. AAP owns a valid copyright in the Work at issue in this case.

30. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of its business activities.

33. Defendants' acts were willful.

34. AAP has been damaged.

35. The harm caused to AAP has been irreparable.

## COUNT II
## VICARIOUS INFRINGEMENT AGAINST LOGAN REALTY, INC.

36. AAP incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. AAP owns a valid copyright in the Work at issue in this case.

38. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C § 411(a).

39. DRL copied, displayed, and distributed the Work at issue in this case and made derivatives of those Work without AAP's authorization in violation of 17 U.S.C. § 501 under the direction of Logan, who profited from the infringement.

40. Logan had the right and ability to control the infringing activities by DRL.

41. Logan has a direct financial interest in the infringing activities of DRL.

42. Logan is vicariously liable for the infringement of DRL.

43. AAP has been damaged.

The harm caused to AAP is irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

44. Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

45. The Work at issue in this case contain s copyright management information ("CMI").

46. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

47. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Work at issue in this action protected under the Copyright Act.

48. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Work at issue in this action protected under the Copyright Act.

49. AAP has been damaged.

50. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Logan Realty, Inc. and Digital Resource LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendantss' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.   Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: May 28, 2020               Respectfully submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No.: 98220
joel.rothman@sriplaw.com
JASON S. WEISS
Florida Bar Number: 356890
jason.weiss@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*